

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2003

# USA v. Diaz

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2939

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Diaz" (2003). *2003 Decisions.* Paper 118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-2939

———

UNITED STATES OF AMERICA

v.

ADAM DIAZ,
                                        Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 99-cr-00404-8
District Judge: Honorable Clarence C. Newcomer

———

Submitted Under Third Circuit LAR 34.1(a)
October 15, 2003

Before: SLOVITER, ROTH AND CHERTOFF, Circuit Judges

(Filed: November 12, 2003)

———

OPINION

———

CHERTOFF, Circuit Judge

1

On April 6, 2000, appellant Adam Diaz pled guilty to three counts of offenses relating to a drug conspiracy. Before sentencing, Diaz fled and jumped bail. After being apprehended, Diaz was sentenced to 135 months for conspiracy to distribute a controlled substance, 48 months for each of two counts of use of a telephone to facilitate a drug felony, and 120 months for his failure to appear, all terms to run concurrently.

In this appeal, Diaz raises an ineffective assistance of counsel claim and also argues that the District Court erred in determining his sentence. Diaz objects to his 120 month sentence for bail jumping, which he contends is substantially in excess of the term which the Sentencing Guidelines would apply.

For the reasons stated in this opinion, we will affirm the judgment of the District Court.

## I.

From the end of 1998 through the summer of 1999, Diaz was a New York drug dealer who supplied drugs on a wholesale basis to Jose Fernandez, a leader and organizer of a drug distribution organization that trafficked in heroin, cocaine, and crack in the Philadelphia area. In July of 1999, a grand jury in the Eastern District of Pennsylvania filed a 46-count indictment charging Diaz, Fernandez, and seven other individuals with drug trafficking and other associated crimes. Diaz pled guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and two counts of use of a telephone to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b). He was released on bond on

2

October 7, 1999, but on the date of his sentencing, he fled. He was arrested on November 11, 2001.

Before sentencing, the Government, based on Diaz's cooperation, filed a motion permitting the District Court to depart from the otherwise applicable statutory mandatory minimum sentence and from the Sentencing Guidelines ("U.S.S.G." or "Guidelines") range, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. After Diaz failed to appear for sentencing, the Government filed a one-count information charging him with bail jumping, in violation of 18 U.S.C. § 3146(a)(1). The Government also withdrew its prior departure motions.

The District Court imposed a sentence of 135 months for conspiracy to distribute heroin, 48 months on each count of use of a telephone to facilitate drug trafficking, to run concurrently, and five years supervised release, a $5,000 fine, and a $300 special assessment. For failing to appear for sentencing, Diaz was sentenced to 120 months and five years supervised release, both terms to run concurrently with the terms imposed for the drug convictions. A $5,000 fine and $100 special assessment were also levied against him on the bail jumping charge.

## II.

Diaz argues that his former counsel was ineffective because his attorney (1) failed to challenge the weight of the narcotics used to compute his base offense level; (2) failed to move the District Court for departure based on extraordinary family circumstances; (3)

3

failed to challenge the good faith basis of the Government's withdrawal of its U.S.S.G. § 5K1.1 motion; and (4) failed to move the District Court for departure based on his voluntary disclosure of offense conduct pursuant to U.S.S.G. § 5K2.16.

Because they are often highly fact-bound, claims of ineffective assistance of counsel are generally not considered on direct appeal.  United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998); see also Massaro v. United States, 123 S.Ct. 1690, 1694 (2003).  Instead, "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed."  Haywood, 155 F.3d at 678 (quoting United States v. Theodoropoulos, 866 F.2d 587, 598 (3d Cir. 1989)).  The preferable course is for defendants to raise their claims of ineffectiveness in a motion pursuant to 28 U.S.C. § 2255 before the district court.  Massaro, 123 S.Ct. at 1694; see United States v. Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002) (citing cases).

This Court has recognized a "narrow exception" to this rule, allowing a determination of ineffective assistance of counsel where the record is sufficient and an evidentiary hearing to develop the facts is not needed.  United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991).  Here, the record is insufficient to determine whether or not Diaz's attorney provided ineffective counsel.  In fact, the record from the plea colloquy indicates that Diaz expressly admitted being satisfied with his lawyer's representation and advice.

We will deny Diaz's claim without prejudice to his right to raise the issue

collaterally, pursuant to 28 U.S.C. § 2255, so that he may fully develop the record.

III.

Diaz objects to being sentenced to a 120 month sentence for bail jumping, which he contends is substantially in excess of the Guidelines term that would apply had that offense been sentenced separately from his drug offenses. He argues that he should not have been sentenced to a term greater than the 21 months for the bail jumping offense. Diaz points to U.S.S.G. § 2J1.6(a)(2) and (b)(2)(A), which covers failure to appear, and argues these sections would set his offense level at Level 13, with a prison term range of 15 to 21 months.

Diaz did not object to the sentence before the District Court, and, therefore, review is for plain error. See United States v. Couch, 291 F.3d 251, 252-53 (3d Cir. 2002). The defendant has the burden of establishing plain error. United States v. Olano, 507 U.S. 725, 734 (1993). Under this standard, this Court must find that (1) an error was committed, (2) the error was plain, i.e., clear or obvious, and (3) the error affected the defendant's substantial rights. See United States v. Knight, 266 F.3d 203, 206 (3d Cir. 2001); see also United States v. Nappi, 243 F.3d 758, 762, 764 (3d Cir. 2001) ("In addition, even where plain error exists, our discretionary authority to order correction is to be guided by whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings."). Under the third prong, the Supreme Court has stated that "in most cases it means that the error must have been prejudicial: It must have

affected the outcome of the district court proceedings." <u>Olano</u>, 507 U.S. at 734.

Under the Guidelines:

> [I]n the case of a conviction on both the underlying offense and the failure to appear, other than a case of failure to appear for service of sentence, the failure to appear is treated under § 3C1.1 (Obstructing or Impeding the Administration of Justice) as an obstruction of the underlying offense, and the failure to appear count and the count or counts for the underlying offense are grouped together under § 3D1.2(c).

U.S.S.G. § 2J1.6, comment (n.3). Thus, when a defendant is convicted of both the failure to appear and the underlying offense, the failure to appear is treated as an obstruction of the underlying offense under U.S.S.G. § 3C1.1. <u>Id.</u> Here, the District Court correctly applied §§ 3C1.1 and 3D1.2(c) in grouping Diaz's underlying offenses with his failure to appear for sentencing and enhancing his total offense level by two levels.

Section 5G1.2(b) of the Guidelines provides that the district court will impose the "total punishment" as determined by the grouping provisions of the Guidelines and that "the sentence imposed on each other count shall be the total punishment . . .". Section 5G1.2(c) continues, "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, <u>except to the extent otherwise required by law</u>." U.S.S.G. § 5G1.2(c) (emphasis added).

Based on Diaz's total offense level of 32 and his Level II criminal history category, the Guidelines state that his sentence range should be between 135 to 168

6

months. The District Court imposed a sentence of 135 months on Count One of the drug conspiracy indictment, the charge carrying the highest statutory penalty. Therefore, using the § 5G1.2 analysis, the District Court determined that the terms for the remaining telephone offenses would run concurrently with the 135 month term on Count One. The District Court then simply imposed the maximum term as a concurrent sentence on the bail jumping count.

Diaz's total sentence is correct under the Guidelines. The District Court did commit error in constructing the actual sentence imposed, but not the error of which Diaz complains. Diaz was sentenced to a 120 month <u>concurrent</u> term for his failure to appear. However, 18 U.S.C. § 3146(b)(2) of the United States Code, which details the penalty for a failure to appear, provides that if a sentence is imposed for failing to appear, that sentence must run <u>consecutively</u> to the sentence for any underlying offense.

When a particular statutory penalty mandates consecutive imprisonment, the actual imposition of a multiple count sentence within the proper Guideline range must take account of that statutory mandate. <u>See</u> U.S.S.G. § 2J1.6, comment (n.3) ("Note that 18 U.S.C. § 3146(b)(2) does not require a sentence of imprisonment on a failure to appear count, although if a sentence of imprisonment on the failure to appear count is imposed, the statute requires that the sentence be imposed to run consecutively to any other sentence of imprisonment.")

Thus, because 18 U.S.C. § 3146(b)(2) requires that any sentence imposed for

failure to appear be imposed consecutively to any other sentence, a district court must separate and make consecutive that portion of the total Guidelines-mandated sentence that corresponds to the failure to appear. Comment 3 to § 2J1.6 suggests, "[f]or example, if the court determines a 'total punishment' of 36 months is appropriate, a sentence of 30 months for the underlying offense plus a consecutive six months sentence for the failure to appear count would satisfy these requirements." See United States v. Pardo, 25 F.3d 1187, 1194 (3d Cir. 1994).

Using this model, the District Court could have properly achieved the result obtained here by providing that Diaz's "total punishment" was 135 months, allotting 120 months for the underlying drug offense (which would be the statutory minimum of 10 years for that offense) and 15 months for the failure to appear.

Because the District Court issued the 120 month sentence to run concurrently with the 135 month sentence, the 120 month term for failure to appear has no effect on Diaz's overall sentence. The Government is the party "aggrieved" by the District Court's technical failure to impose a consecutive sentence for failure to appear, but it has not challenged the judgment allowing Diaz's sentence to run concurrently. Otherwise, the District Court's sentencing mistake amounts to harmless error.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.

———

TO THE CLERK:

Please file the foregoing opinion.

_____          /s/ Michael Chertoff, Circuit Judge
                                 Circuit Judge