UNITED STATES of America

v.

Jerome CARTWRIGHT, Appellant.

No. 06–3182.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 23, 2007.

Filed Oct. 29, 2007.

Richard A. Lloret, Office of United States Attorney, Philadelphia, PA, for United States of America.

Peter A. Levin, Philadelphia, PA, for Appellant.

Before: FISHER, ALDISERT and GREENBERG, Circuit Judges.

## OPINION

ALDISERT, Circuit Judge.

This appeal by Jerome Cartwright raises two issues: (1) whether the District Court erred when it calculated Cartwright's base offense level pursuant to the advisory Sentencing Guidelines for offenses involving at least 5 grams of cocaine base, also known as "crack," instead of calculating the offense level pursuant to the "powder" cocaine Sentencing Guidelines; and (2) whether the District Court erred when it enhanced Cartwright's base offense level upon a finding, made by a preponderance of the evidence, that Cartwright obstructed justice. A jury convict-

ed Cartwright of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The District Court originally sentenced Cartwright to 144 months of imprisonment. Cartwright appealed the sentence, and this Court remanded the case for resentencing in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Davis,* 407 F.3d 162 (3d Cir.2005). At resentencing, the District Court again imposed a sentence of 144 months of imprisonment. Cartwright now appeals the sentence imposed at his resentencing. We will affirm.

## I.

The parties are familiar with the facts and proceedings before the District Court, so we will revisit them only briefly. On November 25, 2000, plain-clothed Philadelphia police officers observed Cartwright pass small objects to others in exchange for currency. During one of the transactions, Cartwright opened the trunk of his vehicle and showed another man a plastic bag containing a gun. Upon seeing the gun, the officers pursued Cartwright, and Cartwright threw the gun toward a sewer drain. After Cartwright's arrest, the gun was recovered.

On September 11, 2001, while on release from his prior arrest, Philadelphia police officers observed Cartwright sell what they believed to be drugs to another person. An officer arrested Cartwright and recovered $24.00 and 1.456 grams of cocaine base from Cartwright's person. In addition, the officers recovered 4.389 grams of cocaine base from a blue potato chip bag located underneath a nearby

brick that the officers had seen Cartwright access during the course of the transaction.

After Cartwright was convicted, a presentence report was prepared. The report calculated the applicable Sentencing Guidelines range based upon Cartwright's possession of "crack" cocaine as distinguished from "powder" cocaine. This resulted in a base offense level of 26. The report also recommended a two level enhancement for Cartwright's obstruction of justice. The enhancement was based upon an altercation between Cartwright and a fellow inmate, Darryl Brown, who had cooperated with the government in its investigation of Cartwright. The government pursued this enhancement at the sentencing hearing by presenting evidence concerning the altercation. The District Court accepted the enhancement and sentenced Cartwright to 84 months of imprisonment on the drug possession charge and a mandatory 60 months of imprisonment for the firearms charges.

At the resentencing hearing, the District Court adopted its previous sentencing record, made additional findings with respect to the factors articulated in 18 U.S.C. § 3553(a), and reimposed the sentence of 144 months of imprisonment.

## II.

■ Cartwright first contends that the District Court erred by failing to calculate his sentence based upon the "powder" cocaine Guidelines because the government did not prove beyond a reasonable doubt that the substance that Cartwright possessed was indeed "crack" cocaine. Because Cartwright did not raise this objection at the sentencing hearing, we review his claim for plain error. *See* Rule 52(b), Federal Rules of Criminal Procedure; *United States v. Olano,* 507 U.S. 725, 731–732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Under this standard, "[t]here

must be an 'error' that is 'plain' and that 'affects substantial rights.'" *Olano,* 507 U.S. at 732, 113 S.Ct. 1770 (quoting *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). An error is "plain" if it is "clear" or "obvious." *Id.* An error affects substantial rights when it is prejudicial and "affected the outcome of the district court proceedings." *Id.* at 734, 113 S.Ct. 1770.

Note D to the Drug Quantity Table of the Sentencing Guidelines provides: "'Cocaine base,' for the purposes of this guideline, means 'crack.' Crack is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rock-like form." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c) n.D. This Court has noted that "'[c]rack' is not a chemical term; it describes a substance that results from a general method for making cocaine base out of powder cocaine." *United States v. Brigman,* 350 F.3d 310, 313 (3d Cir.2003). We have also stated that "[t]he Government must prove, by a preponderance of the evidence, that a substance is 'crack' when applying [Sentencing Guideline] 2D1.1." *Id.*

■ In this case, there is ample evidence to support the application of the "crack" cocaine Guidelines in the presentence report. The parties stipulated that the substance contained in the plastic bags recovered by police officers on November 25, 2000 and September 11, 2001 was cocaine base. Supp. App. 46. A narcotics expert testified that the substance in the bags was "crack." *Id.* at 54. This evidence is sufficient to establish that the substance was "crack" cocaine base, as distinguished from "powder" cocaine, for the purposes of the Sentencing Guidelines. *See Brigman,* 350 F.3d at 314–315 (government met its burden of establishing

substance as "crack" cocaine where DEA forensic chemist testified that the substance was cocaine base and DEA agent testified that the substance was "crack" and testified that a co-defendant had repeatedly stated that the substance was "crack"). Accordingly, we conclude that the District Court did not err when it imposed a sentence based upon the "crack" cocaine Guidelines.

### III.

█ Cartwright next contends that the District Court erred when it applied a two level enhancement to his base offense level, because the facts underlying the enhancement were not found by a jury beyond a reasonable doubt. Again, because Cartwright failed to raise this issue before the District Court, we will review it for plain error. *United States v. Couch*, 291 F.3d 251, 252–253 (3d Cir.2002); *United States v. Knight*, 266 F.3d 203, 206 (3d Cir.2001) ("[W]here a defendant has failed to object to a purported error before the sentencing court, our review on appeal is only to ensure that plain error was not committed.").

This Court has recently addressed the issue of the proper evidentiary standard for sentencing enhancements in *United States v. Grier*, 475 F.3d 556 (3d Cir.2007) (en banc). In *Grier*, we held that the preponderance of the evidence standard applies to facts leading to an enhancement of a defendant's sentence where the enhanced sentence remains below the maximum sentence provided by the United States Code for the criminal offense. *Id.* at 568. As this Court explained in *Grier*, the Supreme Court's decision in *Booker*, making the Sentencing Guidelines advisory, leaves the district court with discretion to impose any sentence at or below the statutory maximum sentence for the offense for which a defendant has been convicted. *Id.* at 565.

In *Grier*, we distinguished sentencing enhancements, which need only be proved by a preponderance of the evidence, from elements of criminal offenses, which need be proved beyond a reasonable doubt. We analyzed the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and stated:

[T]he facts constituting the elements of a crime are those that increase the maximum punishment to which the defendant is exposed under governing law. This conclusion [in *Apprendi* ] was based on a simple syllogism. A crime is defined as conduct that is punishable by the state. Conduct is punishable by the state when it exposes the individual to new or additional penalties. Therefore, any conduct that exposes an individual to punishment or increases the maximum punishment to which he or she is otherwise exposed must be deemed a crime. The predicate facts of such conduct constitute the "elements" of the "crime."

It is to these facts, and to these facts alone, that the rights to a jury trial and proof beyond a reasonable doubt attach. "The Fifth and Sixth Amendments ensure that the defendant 'will never get more punishment than he bargained for when he did the crime,' but they do not promise that he will receive 'anything less' than that." Once an individual has been convicted by a jury beyond a reasonable doubt of the predicate facts of illegal conduct, triggering a statutory maximum penalty, a court may impose any sentence on the individual up to that maximum.

Judicial factfinding in the course of selecting a sentence within the permissible range does not offend the Fifth and Sixth Amendment rights to a jury trial and proof beyond a reasonable doubt. An individual who is provided such no-

tice and is nevertheless found by a jury beyond a reasonable doubt to have engaged in illegal conduct has no grounds to complain when the maximum punishment authorized by the legislature is meted out by a judge.

*Grier*, 475 F.3d at 562 (internal citations omitted).

■ In this case, a jury convicted Cartwright of possession with intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and use of and carrying a firearm during and in relation to a drug trafficking crime. The possession with intent to distribute cocaine base charge carried a statutory maximum penalty of 20 years of imprisonment, 21 U.S.C. § 841(b)(1)(C), and the District Court imposed a sentence of 84 months, or seven years, of imprisonment. The two firearms charges each carried a statutory minimum sentence of five years of imprisonment, 18 U.S.C. § 924(c)(1)(A)(i), and the District Court imposed this minimum sentence.[1] Therefore, Cartwright's sentence fell below the statutory maximum sentence provided by the United States Code for the criminal conduct for which Cartwright was convicted. Accordingly, the District Court did not err in applying the preponderance of the evidence standard when it determined that a two level enhancement for obstruction of justice was warranted.

■ The District Court properly applied the preponderance of the evidence standard. At Cartwright's first sentencing hearing, the government presented evidence of the altercation between Cartwright and Brown, the fellow inmate who had cooperated with the government in Cartwright's case. This evidence included incident reports prepared by prison officials, notes of a prison investigator's interview with Cartwright following the altercation, and a transcript of a recorded telephone call in which Cartwright discussed the incident. Supp. App. 25–43. In addition, Cartwright testified to his involvement in the altercation at the sentencing hearing. Cartwright testified that "it wasn't an assault, it was a fight." *Id.* at 9. Cartwright then described how he learned of Brown's involvement with his case, how he confronted Brown about that fact, and the altercation that ensued. *Id.* at 9–13. At the resentencing hearing, the government reiterated the facts of the altercation and advocated for the two level enhancement. *Id.* at 71–73. Based upon the evidence presented to it, we conclude that the District Court did not err in finding by a preponderance of the evidence that the two level enhancement for obstruction of justice was warranted.

After reviewing the District Court's statement of its reasons for imposing a sentence of 144 months of imprisonment, we are satisfied that the District Court did not err in its use of the "crack" cocaine Guidelines or in its determination that a two level enhancement for obstruction of justice was warranted.

\* \* \* \* \* \*

We have considered all contentions presented by the parties and conclude that no additional discussion is necessary.

The judgment of the District Court will be affirmed.

---

1. Even though Cartwright was convicted of two separate counts of violating 18 U.S.C. § 924(c), because the two convictions arose out of the same episode, the government recommended that only one penalty be imposed. The District Court agreed and sentenced Cartwright to one 60–month term of imprisonment for both counts.