

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2001

# USA v. Knight

Precedential or Non-Precedential:

Docket 99-5642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"USA v. Knight" (2001). *2001 Decisions.* Paper 204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed September 6, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-5642

UNITED STATES OF AMERICA

v.

RANGI KNIGHT,

      Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 99-cr-00010-2)
District Judge: Honorable Joseph J. Longobardi

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2001

Before: MANSMANN, SCIRICA and RENDELL,
Circuit Judges.

(Filed: September 6, 2001)

      Carl Schnee, Esquire
       United States Attorney
      Richard G. Andrews, Esquire
       First Assistant U.S. Attorney
      Office of the United States Attorney
      1201 Market Street
      P.O. Box 2046, Suite 1100
      Wilmington, DE 19899-2046

      COUNSEL FOR APPELLEE

          Raymond M. Radulski, Esquire
          1225 North King Street
          Legal Arts Building
          Wilmington, DE 19801

             COUNSEL FOR APPELLANT

OPINION OF THE COURT

MANSMANN, Circuit Judge.

Rangi Knight appeals from his sentence as a career offender, asserting that the District Court based his sentence on non-includable offenses. We hold that under the plain error doctrine, application of an incorrect Federal Sentencing Guidelines range presumptively affects substantial rights, even if it results in a sentence that is also within the correct range. Accordingly, we hold that the District Court committed plain error when it selected Knight's sentence from within the wrong range and we will vacate Knight's sentence and remand for sentencing so that the District Court may apply the correct Guidelines range in the first instance.1

I.

Knight's presentence investigation report contained a recommended sentence based on the Guidelines. The report concluded, inter alia, that Knight should be assigned to Criminal History Category VI based on either (a) his total of 14 criminal history points or (b) his classification as a "career offender". This criminal history category produced a Guidelines sentencing range of 151 to 188 months. No objection was raised to the PSI in court. At the sentencing hearing, at which time sentence was rendered in accordance with the Guideline range which all parties believed to be correct, the District Court stated :"Due to the nature and severity of the defendant's prior criminal

_____

1. Our jurisdiction is pursuant to 28 U.S.C.S 1291 and 18 U.S.C. S 3742(a)(2).

                              2

history, a sentence at the middle of the range is appropriate."[2] The District Court sentenced Knight to 162 months of imprisonment.

The government now concedes that Knight's criminal history score was erroneously calculated as Category VI because that classification included (a) offenses which should properly have been excluded under U.S.S.G. S 4A1.2(d)(2)(B)[3] and (b) a finding of "career offender" which was improperly premised on the inclusion of convictions for possession with intent to deliver cocaine and reckless endangerment, which are not includable.[4] Because three of the criminal history points attributed to Knight should not have been, and because he should not have been classified as a career offender, Knight should have been sentenced based on Criminal History Category V, rather than Category VI. Thus, the correct Guideline range for Knight was 140 to 175 months, rather than the range of 151 to 188 months applied by the District Court.

II.

As we explained above, Knight's sentence was selected from the wrong Guideline range, but it also falls within the correct Guideline range. Upon review, we are required under the Sentencing Reform Act of 1984, 18 U.S.C. SS 3551 et seq. (the "Act"), to determine not only whether the sentence "is outside the applicable guideline range" but also whether it "was imposed as a result of an incorrect application of the sentencing guidelines". 18 U.S.C.A. S 3742(e)(2), (3). See Williams v. United States, 503 U.S.

_____

2. See District Court's July 27, 1999 Judgement and Commitment Order at 6. In addition, in sentencing Knight, the Court noted that "when a judge is confronted with a history of criminal like this . . . [he is] stuck in the guidelines that have been placed on [defendant] . . . ." Appendix at 64.

3. More specifically, the score included points for probationary sentence offenses committed while Knight was under 18 years of age and which occurred more than five years prior to the offenses for which Knight was being sentenced.

4. Under a proper reading of U.S.S.G. S 4B1.2(3), neither of these convictions should have been considered for career offender purposes.

3

193, 202 (1992) (holding that "the reviewing court is obliged to conduct two separate inquiries" corresponding to these separate grounds for review). Even though a sentence falls within the correct range, it nevertheless resulted from an incorrect application of the Guidelines if it was chosen from the incorrect range. See id. at 203 ("a sentence is imposed `as a result of ' an incorrect application of the Guidelines when the error results in the district court selecting a sentence from the wrong guideline range"). In such a case, remand for resentencing is mandated by the Act:"If the court of appeals determines that the sentence was imposed . . . as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." 18 U.S.C.A. S 3742(f)(1). See also Williams, 503 U.S. at 202 ("First, was the sentence imposed . . . as a result of an incorrect application of the Guidelines? If so, a remand is required under S 3742(f)(1).").

Notwithstanding this mandatory and unconditional statutory language, our sister Courts of Appeals have held that where a defendant has failed to object to a purported error before the sentencing court, our review on appeal is only to ensure that plain error was not committed. See Fed. Rule Crim. P. 52(b).5 Under this standard we must find that (1) an error was committed, (2) the error was plain, i.e., clear or obvious, and (3) the error affected the defendant's substantial rights. In addition, even where plain error exists, our discretionary authority to order correction is to be guided by whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings. See, e.g., United States v. Nappi , 243 F.3d 758, 732, 734 (3d Cir. 2001).6

_____

5. But see United States v. Young, 981 F.2d 180, 190 n.1 (5th Cir. 1993) (Justice, J., dissenting) (observing that "mandatory nature of the Supreme Court's language in Williams would indicate" that the contemporaneous objection rule does not apply "in a case involving misapplication of the federal sentencing guidelines").

6. See generally Michael O'Shaughnessy, Appellate Review of Sentences, 88 Geo. L.J. 1637, 1643 (May 2000) ("If the defendant . . . fails to raise an alleged sentencing error at sentencing . . . the claim will only be reviewed on appeal for plain error. Even if the alleged sentencing error is plain error, an appellate court may still affirm the sentence on the ground that the error was harmless.") (citing cases).

4

There is no question that error was committed and that it was plain because, under the Guidelines, Knight should have been charged with three fewer criminal history points and should not have been classified as a "career offender". The Government concedes that the first two elements of our plain error test are met, and further, that if we determine that Knight's substantial rights were affected, it would not be appropriate to argue that we should not exercise our discretion to correct the error.7 Nonetheless, the government contends that remand is unnecessary because Knight cannot show that his sentence would have been different had the sentencing range been properly calculated. Thus, this appeal turns on whether application of an incorrect guideline range resulting in a sentence that is also within the correct range affects substantial rights. We hold that it presumptively does.

Ordinarily, a defendant who failed to object to an error before the trial court must demonstrate prejudice by showing that the outcome -- in this context, the sentence -- was affected, in the sense that it likely would have been different but for the error. However, we have recognized that in some circumstances, such prejudice may be presumed. As we recently explained:

> Normally, in order for an error to "affect substantial rights" under the third prong of the [plain error] test, the error must have been "prejudicial"--in other words, "[i]t must have affected the outcome of the district court proceedings." It is the defendant who bears the burden of persuasion with respect to prejudice. However, the Supreme Court has cautioned that some errors to which no objection was made should be

_____

7. The government's concession aside, we believe that a sentence resulting from a plainly erroneous misapplication of the Guidelines gives rise to at least a presumptively appropriate occasion for exercise of our discretionary power to correct the error. Cf. United States v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996) ("sentencing a defendant at the wrong guideline range seriously affects the fairness, integrity and public reputation of the judicial proceedings."); United States v. Weaver, 161 F.3d 528, 530 (8th Cir. 1998) ("public's confidence in the judicial process would be undermined if an inadvertent . . . error were to be allowed to influence the length of a criminal defendant's sentence").

5

> "presumed prejudicial" if the defendant cannot make a
> specific showing of prejudice.

United States v. Adams, 252 F.3d 276, 285 (3d Cir. 2001)
(citations omitted), quoting United States v. Olano, 507 U.S.
725 (1993).

Our determination in Adams that denial of a criminal
defendant's right of allocution is presumptively prejudicial
was predicated on two factors: First, allocution is supposed
to affect sentencing, as the defendant may be his own
"most persuasive and eloquent advocate" in a sentencing
hearing. Adams, 252 F.3d at 288. See also Adams, 252
F.3d at 288 ("the right of allocution `is designed to temper
punishment with mercy in appropriate cases, and to ensure
that sentencing reflects individualized circumstances' ")
(quoting United States v. Alba Pagan, 33 F.3d 125, 129 (1st
Cir. 1994)). Second, although allocution ought to have an
effect, "the impact of [its] omission on a . . . discretionary
[sentencing] decision is usually enormously difficult to
ascertain." Id. at 287 (quoting Alba Pagan, 33 F.3d at 130).

Both of these factors also support our recognition of
presumptive prejudice from application of the wrong
Guidelines range. First, it is beyond cavil that the
Guidelines are intended to, and do, affect sentencing.8
Indeed, that is their very raison d'etre. Second, absent a
fortuitous comment by the sentencing judge on the record,
it is very difficult to ascertain the impact of an erroneous
Guidelines range. We therefore conclude that an error in
application of the Guidelines that results in use of a higher
sentencing range should be presumed to affect the
defendant's substantial rights.

Although we have not previously had occasion to address
the element of prejudice where a sentence falls within both

_____

8. See, e.g., United States v. Thayer , 201 F.3d 214, 230 (3d Cir. 1999)
(observing that although a sentencing court may"approach the
Guidelines with a `tentative view' of the sentence appropriate to the case
. . . [it] may also select a sentence based on its position within the
range
specified by the Guidelines"); United States v. Lavoie, 19 F.3d 1102,
1104 (6th Cir. 1994) (observing that "a district court's sentencing
determination is impacted by its understanding of the appropriate
guideline range").

the correct and incorrect Guidelines ranges, our holding today is in keeping with our prior cases that have recognized the potentially prejudicial nature of Guideline calculation errors. See United States v. Pollen , 978 F.2d 78, 90 (3d Cir. 1992) ("The district court's improper calculation . . . , resulting in a significantly higher Guideline sentencing range, certainly is an error that seriously affected [defendant]'s substantial rights and so amounts to plain error."); United States v. Felton, 55 F.3d 861, 869 n.3 (3d Cir. 1995) ("This circuit and others have found that the miscalculation of a defendant's offense level `certainly is error that seriously affect[s] the defendant's rights, and so amounts to plain error.' ") (quoting Pollen, 978 F.2d at 90).9

The practical effect of the presumption we recognize today is that a sentence based upon a plainly erroneous Guideline range will ordinarily be remanded so that the District Court may exercise its discretion to choose an appropriate sentence based upon the correct range, unless the record shows that the sentence was unaffected by the error. This approach effectuates the intent of the Act that "it [be] the prerogative of the district court, not the court of appeals, to determine, in the first instance, the sentence that should be imposed in light of certain factors properly considered under the Guidelines." Williams , 503 U.S. at 205. We applied similiar reasoning in the plain error context in Pollen, wherein we "decline[d] to engage in the type of speculation urged by the government concerning whether the district court would have [imposed the same sentence] under a properly calculated Guideline sentence range", noting that such speculation "is inappropriate" in light of the inherently discretionary nature of the sentencing court's decision. Pollen, 978 F.2d at 89-90.

In Pollen we considered remand necessary despite the government's assertion that the district court had

_____

9. Although the errors at issue in Pollen and Felton involved miscalculation of the offense level rather than of the criminal history, we
can see no reason to treat one type of misapplication of the Guidelines differently from another. Choosing a sentence from the wrong range has the same propensity to affect a defendant's substantial right to receive a fair sentence no matter what the source or nature of the error.

"intimated" that it would have imposed the same sentence under a lower Guideline range. 978 F.2d at 89-90. In the present case, the District Court did not intimate that the sentence would have been the same if the correct range were applied. On the contrary, the Court stated that it was selecting a sentence "at the middle of the range", and that its decision was predicated on the defendant's incorrectly assessed prior criminal history. Under these circumstances, even if we were inclined to disregard our admonition in Pollen not to speculate, we would be unable to conclude that it is even reasonably likely that the same sentence would have been imposed if the correct range and history were considered. Because the record does not permit us to find that the same sentence would have been imposed, we hold that Knight was prejudiced by the incorrect application of the Guidelines, and we therefore remand to allow the District Court to impose a sentence based upon a correct application of the Guidelines.

Our holding today is in accord with decisions of several of our sister Courts of Appeals, which effectively (albeit not explicitly) apply a similar presumption. For example, the Seventh Circuit has held:

> Because it . . . sentenced [defendant] on the basis of the wrong Guidelines range, the district court committed plain error. . . . . Although the sentence that the district court selected in this case is within the correct as well as the incorrect Guidelines range, we must remand unless we have reason to believe that the error did not affect the district court's selection of a particular sentence.

United States v. Wallace, 32 F.3d 1171, 1174-75 (7th Cir. 1994). Similarly, the Sixth Circuit has explained that:

> If the range the court used resulted from an incorrect application of the guidelines, an after-the-fact determination that the sentence actually imposed happened to be within the proper range does not cure the court's error. The actual sentence imposed in such a case is not material because it is the district court's application of the guidelines to arrive at the sentencing range that is at issue, not that court's discretionary choice of sentence within that range.

8

United States v. Lavoie, 19 F.3d 1102, 1104 (6th Cir. 1994).
See also, e.g., United States v. Plaza-Garcia, 914 F.2d 345,
347-48 (1st Cir. 1990) (remanding sentence within both
erroneously applied and correct Guideline ranges under
plain error doctrine, because sentence "may well have been
influenced by the [erroneous] sentencing recommendation");
United States v. Martinez-Rios, 143 F.3d 662 (2d Cir. 1998)
(although it was unclear whether correcting error would
have any effect on sentencing level, remand was required
under plain error analysis);10United States v. Ford, 88 F.3d
1350, 1356 (4th Cir. 1996) (holding, where court
miscalculated criminal history points, that "[t]he error
clearly affected [defendant]'s substantial rights because the
extra points caused [defendant] to be sentenced at a more
severe guideline range"); United States v. Spears, 159 F.3d
1081, 1088 (7th Cir. 1998) (remanding where juvenile
offenses were wrongly included, resulting in wrong criminal
history category: "The district court looked at the wrong
sentencing range when determining [defendant]'s sentence.
We have determined this to constitute plain error."); United
States v. Robinson, 20 F.3d 270, 273 (7th Cir. 1994) ("A
sentence based on an incorrect guideline range constitutes
an error affecting substantial rights and can thus
constitute plain error."); United States v. Weaver, 161 F.3d
528, 530 (8th Cir. 1998) (rejecting government's assertion
that "error did not affect [defendant's] substantial rights
because . . . sentence he received fell within the Guidelines
range . . . which would have applied absent the error");11

_____

10. The Second Circuit expressly rejected the government's reliance on
United States v. Bermingham, 855 F.2d 925 (2d Cir. 1988) for the
proposition that the "sentence [could] be sustained because the sentence
actually imposed . . . was within the Guidelines ranges for both [the
correct and incorrect levels]." 143 F.3d at 675. The Court noted that
"Bermingham permits this Court to affirm a sentence derived from an
incorrect offense level only where the sentence also falls within the
sentencing range for the correct offense level, and the District Court has
indicated that it would have imposed the same sentence under either
offense level." Id. at 676 (emphasis in original). In contrast, the record
here "suggest[ed]" that the District Court would have imposed a lesser
sentence. Id.

11. In Weaver, the Eighth Circuit noted the District Court's indication at
sentencing that it would sentence the defendant"at the bottom" of the

9

United States v. Osuna, 189 F.3d 1289, 1295 (10th Cir. 1999) (holding where correction of error "alters[defendant]'s sentence range from 51–63 months to 46–57 months . ... . [t]he fact that the guideline ranges overlap does not make a plain error harmless.").

We recognize that other courts have found that sentencing errors do not affect a substantial right where, because the sentence fell within both the right and the wrong range, the same sentence could have been imposed without error. See, e.g. United States v. Leonard, 157 F.3d 343 (5th Cir. 1998) (upholding sentence imposed where it could be reinstated on remand). We believe that these cases provide too little protection for the substantial right at issue, and that the rule which we follow today better effectuates the Guidelines' purpose to institute fair and uniform sentencing.12 A defendant has a right to a sentence that not only falls within a legally permissible range, but that was imposed pursuant to correctly applied law. 13 See United States v. Urrego–Linares, 879 F.23 1234, 12390 (4th Cir. 1989) (observing that defendant is entitled to have "his sentence determined in accordance with the applicable

_____

applicable range, and observed that because "the court might well have sentenced [defendant] to a lesser term . . . under the range that [should] have been applied", it was "unwilling to say that [defendant]'s substantial
rights were not affected". 161 F.3d at 530 (citing with approval United States v. Wallace, 32 F.3d 1171, 1174–75 (7th Cir. 1994)).
12. See S. Report 86, U.S. Code Cong. & Admin. News 1984, p. 3269 ("The provisions for appellate judicial review of sentences in section 3742
are designed to reduce materially any remaining unwarranted disparities by giving the right to appeal a sentence outside the guidelines and by providing a mechanism to assure that sentences inside the guidelines are based on correct application of the guidelines.") (emphasis added). See also, e.g., United States v. Knobloch, 131 F.3d 366, 373 (3d Cir. 1997) (recognizing that "the Guidelines were designed to promote fair and consistent treatment of offenders"); United States v. Lavoie, 19 F.3d 1102, 1103 (6th Cir. 1994) (noting that "appellate review of sentences is intended to further the Sentencing Reform Act of 1984's primary goal of insuring correct application of the guidelines").

13. The Act recognizes these distinct rights in providing separately for correction of sentences "outside the applicable guideline range" and sentences "imposed as a result of an incorrect application of the sentencing guidelines". 18 U.S.C.A. S 3742(e)(2), (3).

law") (citing Townsend v. Burke, 334 U.S. 736 (1948)).
Because imposition of a sentence selected from the wrong
range is likely to impair a defendant's right to a fair
sentence, we believe it is appropriate under plain error
analysis to remand for sentencing under the correct range
notwithstanding a defendant's inability to establish that his
separate right to receive a sentence within the applicable
guideline range was also impaired.

III.

For the foregoing reasons, we will vacate the District
Court's judgment and order of sentence and remand with
instructions for the District Court to resentence Knight
within the correct Guidelines range.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

11