**UNITED STATES of America,**

v.

**Dianne VAILLANCOURT, Appellant.**

No. 02–2106.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Feb. 3, 2003.

Decided Feb. 5, 2003.

Before SLOVITER, RENDELL, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Dianne Vaillancourt pled guilty pursuant to a plea agreement to misprision of a felony in violation of 18 U.S.C. § 4, and the District Court imposed a four month term of imprisonment. Vaillancourt appeals, contending that the District Court considered improper factors in imposing her sentence of imprisonment, as opposed to the "Zone B" sentence she requested. For the reasons that follow, we will affirm.

## I.

### BACKGROUND

Dianne Vaillancourt's husband, Donald Vaillancourt, was a corporate officer at Grand Union Company in New Jersey. From 1983 to 1999, Donald Vaillancourt embezzled funds from Grand Union by engaging in a false billing scheme. He submitted false invoices to the company for services that he knew had not been provided by entities under his control. He then caused Grand Union to issue checks to these entities in the amounts contained in the false invoices. Donald Vaillancourt embezzled at least $2.1 million dollars from Grand Union over the sixteen year period. He ultimately pled guilty to charges of mail fraud.

At some point, Dianne Vaillancourt learned that Donald was embezzling money from Grand Union. At her plea hearing, she admitted that she assisted her husband by registering some of the companies he created to carry out his scheme, and by negotiating checks through bank accounts he instructed her to open in the names of those companies. She pled guilty to misprision of a felony, defined by statute as one who, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States. *See* 18 U.S.C. § 4.

At Dianne Vaillancourt's sentencing hearing, the District Court rejected her request for home confinement with a waiver for career training, which it had the option of imposing in lieu of imprisonment under the Sentencing Guidelines, U.S.S.G. § 5C1.1(c). Finding that imprisonment was appropriate for purposes of specific and general deterrence, the District Court sentenced Vaillancourt to four months imprisonment, which was within the applicable sentencing range of four to ten months imprisonment, one year of supervised release, and payment of restitution.

In this appeal, Vaillancourt argues that the District Court misapplied the Sentencing Guidelines by considering the fact that she is female and by speculating that she and her husband may have hidden the embezzled funds. After she filed her appeal, the District Court granted Vaillancourt's motion for release pending the appeal and she has not begun to serve her sentence.

## II.

### JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Although Vaillancourt argues that a plenary standard of review applies to her claims, she did not object to the District Court's consideration of what she contends were impermissible factors in imposing her sentence. Thus, we review the District Court's determination only for plain error. *See United States v. Thornton,* 306 F.3d 1355, 1357 (3d Cir.2002) (applying plain error standard of review where defendant did not object to alleged error); *United States v. Knobloch,* 131 F.3d 366, 370 (3d Cir.1997) (same).

Under a plain error standard of review, we reverse only if an error was committed, the error was plain and the error affected the defendant's substantial rights. *Thornton,* 306 F.3d at 1358 (citing *United States v. Knight,* 266 F.3d 203, 206 (3d Cir.2001)). Even where plain error exists, our discretionary authority to order correction is to be guided by whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.*

### III.

### DISCUSSION

■ Vaillancourt contends that the District Court improperly considered her gender in imposing sentence. Sex is not a relevant factor in the determination of a sentence under the Sentencing Guidelines. U.S.S.G. § 5H1.10. Vaillancourt's claim arises from a discussion between the District Court and her counsel regarding her knowledge of her husband's criminal activity.

When Vaillancourt was given the opportunity to address the District Court, she apologized for her acts and stated that she was not aware and did not make herself aware of things that were going on around her. The District Court then pointed out the length of time that she was married to Donald Vaillancourt, and that she opened bank accounts and post office boxes in her and her husband's names. Vaillancourt's counsel stated that Vaillancourt did engage in these acts, that her husband had represented to her that his activities were appropriate, that there came a point in time when he gave her the "full picture" and that, at that point, she should have stepped forward and did not. App. at 45–46. The District Court stated that it understands what the offense of misprision of felony represents but noted that the couple lived very well through the years.

Counsel and the District Court then engaged in the following discussion which Vaillancourt relies upon in support of her claim:

Defendant's counsel: ... By the way, he was doing work outside of Grand Union as well and he was simply representing to her that there was nothing inappropriate about the work that he was doing.

To the best of her knowledge, he was making exactly what he was making.

The Court: You know, there's something known as the female intuition, Mr. Furlong. I don't know whether you're married or not, but I am. My wife reads me pretty well, and even where I do not say things, so, it's very difficult for me to believe that in a 14–year period, the style and manner of life they lived in, that Mrs. Vaillancourt was not engaged in either willful blindness or deliberate ignorance to the circumstances that occurred.

Defendant's counsel: And we used the term willful blindness before, Your Honor. At that time we took the plea we thought that was entirely appropriate, Your Honor.

The Court: Okay. I understand.... Appellant's Br. at 8, citing App. at 46.

Vaillancourt argues that after she offered her lack of actual knowledge as a mitigating factor, the District Court judge improperly considered her gender and the irrelevant fact of what his own wife would have known. The government argues that when the District Court's comment is taken in context, it does not suggest that the District Court imposed a harsher sentence based upon Vaillancourt's gender. It contends that this discussion ensued because the District Court needed to determine whether Vaillancourt was contradicting her plea in stating that she was not aware of what was going on around her.

We agree that when taken in context, the District Court's comments were related to Vaillancourt's statement that she was unaware of her husband's illegal acts, which appeared contrary to the factual basis for her plea without further explanation. The reference could just as easily been directed to spousal intuition, had the judge been a woman. There is no indication that the District Court determined Vaillancourt's sentence based upon her gender.

■ Vaillancourt also contends that the District Court improperly based its sentencing decision upon the fact that she could not provide a detailed accounting of how she and her husband spent the embezzled funds, and upon the belief that they may have hidden these funds. She points to the District Court's statement, "... I find it very difficult to believe that you're unable to account for two million dollars," App. at 41, and question, "... is there a two million dollar stash somewhere?" App. at 42. Vaillancourt argues that there was no evidence of hidden funds and the fact that they spent the money should not be a consideration at sentencing. If this fact is considered, Vaillancourt argues that acts of fraud and theft receive double punishment—first for obtaining the funds and then for spending them.

The government states that it is unclear whether the District Court considered the lack of accounting for the funds in its sentencing decision. The government argues that even if it did, Vaillancourt cites no legal principle supporting her claim that consideration of the failure to account for all embezzled funds is an impermissible consideration. Under the Sentencing Reform Act of 1984, the District Court may consider all relevant information when fashioning a sentence. The statute provides:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661. *See also* U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range ... the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.").

The government argues that consideration of the fact that Vaillancourt spent the proceeds is not otherwise prohibited by law, that the Sentencing Guidelines do not deem this factor inappropriate or irrelevant and that the lack of accounting created the possibility that the victims would not be compensated because the funds were hidden or the Vaillancourts fully enjoyed them.

We conclude that Vaillancourt has not shown that the District Court erred by considering an improper factor in imposing her sentence.

## IV.

## CONCLUSION

For the reasons discussed above, we will affirm the judgment of sentence of the District Court.