

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# USA v. Bass

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3134

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Bass" (2006). *2006 Decisions.* Paper 630.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/630

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3134
_____

UNITED STATES OF AMERICA

vs.

ERIC BASS,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 04-cr-00447)
District Judge:  Honorable Anita B. Brody
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2006
Before:   SMITH, WEIS, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed:  August 2, 2006)
_____

<u>OPINION</u>
_____


WEIS, <u>Circuit Judge</u>.

        Defendant, a convicted felon, pleaded guilty to two counts of possessing a

firearm in violation of 18 U.S.C. § 922(g)(1).  The District Court sentenced defendant to

92 months imprisonment followed by three years of supervised release and imposed a fine

1

of $1,500. The District Court also made the following statement directed to the Bureau of Prisons: "the Court strongly recommends that defendant serve his incarceration at a facility where he can get supervision for his mental problems."

Defendant did not object to the sentence; therefore, this Court's review is for plain error. See United States v. Couch, 291 F.3d 251, 252 (3d Cir. 2002); United States v. Knight, 266 F.3d 203, 206 (3d Cir.2001).

On appeal, defendant contends that the District Court erred when it imposed a sentence for the purposes of rehabilitation and treatment in violation of 18 U.S.C. § 3582(a). That statutory section provides as follows:

> "The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."

18 U.S.C. § 3582. Defendant also asserts that the sentence is contrary to 28 U.S.C. § 994(k), which requires that the Sentencing Guidelines reflect the inappropriateness of sentencing a defendant to imprisonment for the purpose of rehabilitation or providing medical care, or for other correctional treatment. Finally, he cites section 5C1.1 of the United States Sentencing Guidelines, Application Note 6, which suggests that community confinement, rather than incarceration, should be considered "to accomplish a specific

2

treatment purpose ... in cases where the defendant's criminality is related to the treatment problem ... and there is a reasonable likelihood that successful completion of the treatment program will eliminate that problem.**"**

At the sentencing hearing, after denying a motion for a downward departure, the District Court said the following

> "[T]here's no question that the offense is serious. That the law is trying to create respect. I think that there has to be just punishment for those possessing guns that shouldn't possess guns. I think there has to be the word out for deterrence. I think most importantly that the public has to be protected.
>
> I also think that the defendant may very well do better in prison. ... I think that he will get ... psychiatric help, and I am going to strongly recommend that the Bureau of Prisons see that he's placed somewhere where he can get supervision as far as his mental problems are concerned.
>
> However, taking all these things into consideration, I think that the applicable sentence is at the very lowest end of the guidelines ...."

The plain language of the provisions cited by defendant do not prohibit a court from sentencing a defendant to imprisonment for proper reasons such as deterrence, while also noting that mental health benefits might flow from the otherwise valid imprisonment. Similarly, the provisions do not prohibit a sentencing court from recommending to the Bureau of Prisons that otherwise valid imprisonment occur in an

3

environment that is beneficial to the defendant's mental health.  That is what occurred

here and it does not constitute plain error.

Accordingly, the Judgment of the District Court will be affirmed.