OPINION
SMITH, Circuit Judge.
Appellant Anthony Guinto pleaded guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, possession with intent to distribute heroin, in violation of 21 U.S.C. § 841, and two counts each of distx*ibution of hex-oin, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2. The District Court sentenced him to fifty months of imprisonment followed by ten years of supervised release. Guinto filed a timely appeal challenging the X’easonableness of his term of supervised release.[1]
*833 All parties agree that Guinto’s properly calculated Sentencing Guidelines range for supervised release was exactly six years. We believe it plain, however, that the District Court miscalculated that range to be at least six years. At sentencing, the Court twice referenced Guinto’s Guidelines range for supervised release, and twice stated that it was “at least six years.” The Presentence Investigation Report also listed the range as “at least six years.” Finally, before imposing a sentence, the Court said that it was “prepared to sentence within the sentencing guidelines,” “intended] to sentence within the guidelines ...,” and “intended] to sentence within the guidelines as calculated by the probation office.” The only way to reconcile these three statements with Guinto’s sentence to an above-Guidelines ten-year term of supervised release is to conclude that the District Court mistakenly believed Guinto’s Guidelines range for supervised release to be at least six years. Therefore, the record clearly demonstrates that the District Court miscalculated the applicable Guidelines range.
The Government argues that we should affirm Guinto’s sentence on the basis that the deviation from the properly calculated Guidelines range was a permissible variance based on the factors listed in 18 U.S.C. § 3558(a). We disagree. A district court can only apply a variance after it correctly calculates the applicable Guidelines range. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007) (“[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.”); United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc) (“ ‘A district court must begin the [sentencing] process by first calculating the applicable Guidelines range.’ ” (quoting United States v. Levinson, 543 F.3d 190, 194-95 (3d Cir.2008))). Therefore, whether the District Court applied a variance is beside the point; the relevant inquiry is whether its Guidelines calculation contained an error.
Moreover, the record is clear that the District Court imposed an above-Guidelines term of supervised release, not because it believed a variance was appropriate, but because it miscalculated the applicable Guidelines range. The Court never used the term “variance” to describe Guinto’s ten-year term of supervised release. Instead, it told Guinto that it would impose “a more extended period of supervised release.” This characterization is entirely consistent with both a mistaken belief that Guinto’s Guidelines range was “at least six years” of supervised release and the Court’s express intention to “sentence within the guidelines”: the ten-year term reflected a “more extended period” that was still “within the guidelines” range of “at least six years.” In contrast, viewing the Guinto’s sentence as a variance is, by definition, at odds with the Court’s statements that it would “sentence within the guidelines.” See United States v. Vampire Nation, 451 F.3d 189, 195 n. 2 (3d Cir.2006) (noting that variances are “not based on a specific Guidelines departure provision”). Therefore, it is plain that the District Court erroneously calculated Guinto’s Guidelines range for supervised release.
Notwithstanding the obviousness of this Guidelines miscalculation, Guinto did not object in the District Court, nor did he fully brief the issue on appeal until he filed his reply brief. Had Guinto sufficiently raised the issue in his opening brief, we would have little trouble holding that the Guidelines miscalculation required a remand even under plain error review. See United States v. Knight, 266 F.3d 203, 207-08 (3d Cir.2001) (concluding that “an error in application of the Guidelines that results in use of a higher sentencing range *834 should be presumed to affect the defendant’s substantial rights” and that the practical effect of this presumption “is that a sentence based upon a plainly erroneous Guideline range will ordinarily be remanded so that the District Court may exercise its discretion to choose an appropriate sentence based upon the correct range, unless the record shows that the sentence was unaffected by the error”). As it stands, however, the untimely manner in which Guinto offered this assertion poses a significant obstacle to relief because “[a] reply brief is generally too late to raise an issue under our jurisprudence.” United States v. Geevers, 226 F.3d 186, 196 n. 9 (3d Cir.2000).
While we rarely grant exceptions to this general rule, we have done so where the appellee had an opportunity to respond to the issue and other compelling circumstances existed. See United States v. Boggi, 74 F.3d 470, 478 (3d Cir.1996). In Boggi, we addressed two arguments raised for the first time in the appellant’s reply brief because “the Government had an opportunity to respond to the arguments” in its cross-appeal, and one of the appellant’s arguments “raises a question which we feel requires clarification in this circuit.” Id. Likewise, here, the Government apparently construed Guinto’s opening brief as asserting an error in the Guidelines calculation: it argued in its brief that we should view the above-Guidelines term of supervised release as a variance “if the [district] court did not even recognize that it was exceeding the guideline range, as Guinto suggests.... ” Additionally, we believe the District Court’s error so plain and, in light of its repeated statements that it intended to sentence Guinto within the Guidelines range, the resulting prejudice so manifest that the circumstances compel us to excuse Guinto’s belated raising of the Guidelines miscalculation issue. Accordingly, we will vacate Guinto’s sentence and remand the case to the District Court for resentencing.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.