UNITED STATES of America

v.

Alexandre GRADYS, Appellant.

No. 09–1267.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 3, 2009.

Filed Dec. 18, 2009.

Ishmael A. Meyers, Jr., Esq., Office of United States Attorney, Charlotte Amalie, St. Thomas USVI, for United States of America.

Jesse A. Gessin, Esq., Office of Federal Public Defender, Charlotte Amalie, St. Thomas USVI, for Appellant.

Before: McKEE, FUENTES, and NYGAARD, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the judgment of conviction and sentence of the District Court.

Appellant, Alexandre Gradys, raises two issues on appeal. He asserts that, in violation of Rule 703 of the Federal Rules of Evidence, the District Court erred by failing to conduct a balancing test before admitting the testimony of a fingerprint

expert, since he relied, in part, on a fingerprint card that the District Court ruled inadmissible.[1] Gradys also argues that, even if the District Court is found to have conducted a balancing test it violated Rule 703 by failing to give a special jury instruction on the expert testimony.[2] The testimony at issue focused upon whether Gradys' inked fingerprint impressions taken after his arrest on September 24, 2008 by an Immigration and Customs Enforcement Agent matched a fingerprint record contained in a 2002 Form I–296, Warrant of Deportation/Removal, that the agent discovered in Gradys' alien file after the arrest.

Gradys objected during trial to the expert's testimony, the newer fingerprint record, and the expert's report. The objections were raised under Rule 16 of the Federal Rules of Criminal Procedure, because the government disclosed the expert, report, and supporting documents two weeks after the discovery deadline. At sidebar, Gradys argued that he was prejudiced because the three weeks between the disclosures and the start of trial was an insufficient amount of time to mount a defense against this evidence. Gradys admitted, however, that he did not file a pretrial motion on these issues in that three-week period because he thought it was

probable that the District Court would merely grant a continuance.[3] Before returning to open court, the District Court specifically asked Gradys if he thought that special jury instructions were necessary. Gradys made no such request and merely renewed his objection to the admissibility of the expert's testimony.

The District Court excluded the expert report and the fingerprint record, but it ruled that the expert's testimony was admissible. The expert testified that the recent fingerprints matched those found on the Form 1–296. Gradys vigorously cross-examined the expert.

We find Gradys' issues on appeal to be meritless. With regard to Gradys' original objection to the Rule 16 violation, we have stated in the past that it is the defendant's burden to demonstrate a likelihood that the verdict would have been different if the government had complied with the discovery rules. *United States v. Davis*, 397 F.3d 173, 178 (3d Cir.2005). Gradys has utterly failed to meet this standard.

With respect to Gradys' Rule 703 arguments, we note that these were not raised before the District Court. As such, they

---

1. Fed.R.Evid. 703. The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

2. Gradys relies upon the following comment to the 2000 amendments to F.R.E. 703: "If

the otherwise inadmissible information is admitted under this balancing test, the trial judge must give a limiting instruction upon request, informing the jury that the underlying information must not be used for substantive purposes."

3. From our own review of the record, we note some confusion about the precise date of the disclosure. Though Gradys' counsel states clearly that he received the materials three weeks prior to trial, there is a suggestion later in the transcript that he may have received the materials roughly one week before trial. This discrepancy does not change our analysis.

are reviewed for plain error. *United States v. Knight,* 266 F.3d 203, 206 (3d Cir.2001). If Gradys can establish all of the elements of plain error, this Court has discretion to award relief, but should only do so in cases of actual innocence or if the error " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).)

■ The District Court gave Gradys ample opportunity at sidebar to engage in a detailed discussion on the issue of prejudice. Moreover, the 2000 comment to Rule 703 suggests that a court may be obligated to provide a special jury instruction in certain circumstances *upon request.* Even after he was specifically asked about jury instructions Gradys refrained from requesting the very instruction he now asserts was necessary. For these reasons, we do not find any basis for Gradys' argument of error. However, even if we were to find error, we conclude that Gradys has failed to demonstrate actual innocence or serious unfairness.

For these reasons, we will affirm the judgment of conviction and sentence of the District Court.