NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2417
_____

UNITED STATES OF AMERICA

v.

STEPHEN HUMANIK,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-08-cr-00265-001)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2011

Before:  RENDELL, AMBRO and FISHER, Circuit Judges.

(Opinion Filed:  January 27, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

On December 12, 2008, defendant Stephen Humanik pleaded guilty to one count

of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2).  Based on a

presentence report that found that Humanik had accumulated over 39,000 images of child

pornography over a six-year period, the District Court calculated Humanik's guideline

range to be 210 to 240 months and sentenced Humanik to 210 months in prison.

Humanik appeals his sentence, arguing that it amounts to cruel and unusual punishment and that it is unreasonable, as it is greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). We will affirm Humanik's sentence for the reasons set out below.

Humanik's first contention is that his sentence of 210 months in prison violates the Eighth Amendment, as it amounts to cruel and unusual punishment. This Court exercises plenary review over most Eighth Amendment challenges. *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006). When such a challenge is not raised in the district court, as occurred in this case, we review for plain error[1]. *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001). Humanik does no more than cite *United States v. Atkins* and *Weems v. United States* for the standard for punishment which is cruel and unusual. 536 U.S. 304 (2002); 217 U.S. 349 (1910). He does not explain why the District Court's actions in sentencing amounted to plain error. We find no plain error.

Humanik's second contention is that his sentence is unreasonable. We review a sentence for reasonableness under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). Our analysis of a sentence is in two stages;

---

[1] For plain error to be present, we must find:

> (1) [A]n error was committed, (2) the error was plain, *i.e.*, clear or obvious, and (3) the error affected the defendant's substantial rights. In addition, even where plain error exists, our discretionary authority to order correction is to be guided by whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Knight*, 266 F.3d at 206.

we ensure that a sentence is (1) procedurally reasonable and (2) substantively reasonable. *Id.* We find procedural error by a district court in such circumstances as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 50 (2007). If the sentence passes muster procedurally, we then review the substantive nature of the sentence, where we focus on the totality of the circumstances to ensure reasonableness. *Tomko*, 562 F.3d at 567. Humanik argues that the sentence is substantively unreasonable because it does not satisfy the § 3553 (a) factors; specifically, the length of the sentence is greater than necessary to comply with the purposes set forth in the statute. We disagree. The sentence was at the low end of the guideline range and was not unreasonable. The District Court did not abuse its discretion.

We will affirm Humanik's sentence.

3