**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2049
_____

UNITED STATES OF AMERICA

v.

DAVID CURRAN,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-09-cr-00325-001)
District Judge:  Hon. Terrence F. McVerry
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2013

Before:  SMITH, FISHER, and CHAGARES, Circuit Judges.

(Filed: May 31, 2013)

_____

OPINION
_____

CHAGARES, Circuit Judge.

David Curran appeals the sentence of 262 months of imprisonment imposed by the

District Court following his guilty plea for conspiracy to distribute and possess with

intent to distribute five or more kilograms of cocaine, and three counts of distribution of cocaine. Curran argues that his due process rights were violated because, he alleges, the District Court erroneously promised at his change-of-plea hearing that Curran would have the opportunity to contest sentence-enhancing evidence at his sentencing hearing, and because the District Court impermissibly relied on statements from the trial of Curran's co-defendants in calculating Curran's sentence. For the reasons that follow, we will affirm the judgment of sentence.

I.

As we are writing solely for the parties, we include only the facts essential to our disposition. Curran pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and three counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). His change-of-plea hearing took place on August 8, 2011, the morning that jury selection was to begin in his trial with co-defendants Bradley Barndt and Franco Badini. The sentencing court found that Curran's illegal activity involved at least fifteen kilograms of cocaine, which he and his associates in western Pennsylvania purchased from a cocaine-trafficking organization composed of Bosnian immigrants operating out of Columbus, Ohio; Indianapolis, Indiana; and Chicago, Illinois. Curran indicated at the change-of-plea hearing that his guilty plea was a "knowing, free, and voluntary act," and answered in the negative to the District Court's question "has anyone offered you or promised you anything in order to get you to enter a plea of guilty to these charges?" Appendix ("App.") 145.

At the hearing, before the District Court accepted Curran's guilty plea, the Government pointed out that it had filed an information pursuant to 21 U.S.C. § 851, which requires that a United States Attorney seeking to enhance a defendant's sentence due to his or her prior convictions "file[] an information with the court . . . stating in writing the previous convictions to be relied upon." 21 U.S.C. § 351(a)(1). When such an information is filed, the court must ask the defendant to affirm or deny the allegation of conviction, 21 U.S.C. § 351(b), and, if the latter, the court must follow the procedures established in § 851(c).

At Curran's change-of-plea hearing, the Government explained that Curran could challenge the conviction referred to in the information, though "there is . . . a time limit as far as when that [challenge] must be, and it has to essentially be before the sentencing hearing occurs or is at least completed." App. 146. The record indicates that Curran engaged in discussion with his attorney about this, before verifying that "just for the record, that 851, like he said, I can litigate that, right?" App. 147. The District Court responded, "[Y]es, you do have a time frame within which you have to do that, and it's prior to the sentencing; and we'll be setting a sentencing date. So, yes, you have the opportunity to litigate that." Id. Soon thereafter, the court accepted Curran's guilty plea.

Curran filed an objection to the § 851 information, arguing that the prior conviction on which the information was based arose out of a guilty plea that "was not knowing, not voluntary, and not intelligently entered into, but was induced as the result of the ineffective assistance of plea counsel." App. 55. The Government responded by pointing out that Curran's prior conviction occurred on March 13, 2006. Because the

3

§ 851 information was filed on July 29, 2011, more than five years after the prior conviction, the Government argued and the District Court held that 21 U.S.C. § 851(e) barred Curran's challenge. See 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."). Curran timely appealed his judgment of sentence.

II.

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. Curran did not raise below his due process objection to the District Court's alleged misrepresentation as to Curran's ability to contest the § 851 information. Accordingly, this Court reviews the sentence imposed for plain error. See United States v. Knight, 266 F.3d 203, 206 (3d Cir. 2001) ("[W]here a defendant has failed to object to a purported error before the sentencing court, our review on appeal is only to ensure that plain error was not committed."). We may exercise our discretion to grant relief for plain error only where it is shown that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Marcus, 560 U.S. 258, 130 S. Ct. 2159, 2164 (2010) (quotation marks omitted).

As to Curran's appeal of the District Court's use of co-defendants' trial testimony in finding Curran responsible for at least fifteen kilograms of cocaine, we likewise review

4

for plain error. Although Curran did object at the sentencing hearing to the District Court's finding as to the quantity of cocaine, he did not object to the District Court's use of co-defendants' testimony to establish that quantity.

III.

Curran argues that his due process rights were violated when he was assured at his change-of-plea hearing that he would have the opportunity to contest the § 851 information filed against him. Since it was evident at the time of the change-of-plea hearing that § 851(e) barred Curran's challenge to the prior conviction because it was more than five years old, Curran argues both that the District Court's assurance was "worthless," Curran Brief ("Curran Br.") 15, and that the Government's failure to mention that Curran's challenge would necessarily be time-barred was "a misrepresentation by omission," Curran Reply 6. We note that Curran asks this Court to vacate his sentence on the grounds that his due process rights were violated; he does not seek to withdraw his guilty plea.

Curran cites the Supreme Court case of <u>Santobello v. New York</u> for the proposition that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. 257, 262 (1971). However, this argument is unavailing because, as Curran acknowledges, "[t]here was no plea agreement in this case, and no express promises made by the prosecution." Curran Br. 15. Furthermore, as the Government points out, "§ 851(e) does not bar every challenge, even when 5 years have passed between the finalization of the prior conviction and the filing of the § 851 notice,"

5

and the Government cannot be presumed to have known "what the basis of any challenge by Curran might be." Gov't Br. 20. This is true even though, as Curran suggests, it may not have been accidental that the Government "indicted Curran well before the end of the five-year period to challenge the 851 Information," and "waited until that five-year period ran to file the 851 Information." Curran Reply 6.

Curran also objects to the District Court's assurance that he would be able to contest the § 851 information, and we find this argument unavailing as well. The District Court merely acknowledged the existence of a general opportunity for a defendant to contest a § 851 information; it was not error — and certainly not plain error — for the District Court to fail to examine the specific circumstances of the information filed against Curran to determine on its own that Curran's challenge would be time-barred. By contrast, in Padilla v. Kentucky, the Supreme Court underscored "the critical obligation of counsel to advise the client of the advantages and disadvantages of a plea agreement." 559 U.S. 356, 130 S. Ct. 1473, 1484 (2010) (quotation marks omitted) (emphasis added). The Padilla Court held that "the terms of the relevant . . . statute are succinct, clear, and explicit" such that "counsel could have easily determined" the consequences of the defendant's plea. Id. at 1483. The terms of the statutory provision relevant in this case (21 U.S.C. § 851(e)) are equally clear. Therefore, if Curran has a valid objection to his change-of-plea or sentencing proceedings, it concerns the effectiveness of his own counsel at those proceedings below. Accordingly, we reject Curran's argument as to the allegedly improper assurances surrounding the § 851 information.

6

Curran further argues that the District Court violated his due process rights by finding him responsible for fifteen to fifty kilograms of cocaine based on testimony by Curran's co-defendants at trial. Curran contends that he never received a meaningful opportunity to object to that testimony.[1] The Government underscores the evidence supporting the finding of fifteen to fifty kilograms — the co-defendants' trial testimony and Curran's own admission at the plea hearing, App. 143-44. However, as Curran observes, this evidence is not entirely responsive to his argument, since he contends that the District Court erred by failing to put him on notice that the court would be relying on trial testimony to establish the quantity of cocaine for which Curran was responsible.

We held in United States v. Reynoso that "before a sentencing court may rely on testimonial or other evidence from an earlier proceeding, it must afford fair notice to both defense counsel and the Government that it plans to do so." 254 F.3d 467, 469 (3d Cir. 2001). In the instant case, the District Court relied on testimony from an earlier proceeding — the trial of Curran's co-defendants — to determine the amount of cocaine for which Curran was responsible. See App. 95 ("Defendant's contention [that he did not receive at least 15 kilograms of cocaine] . . . is directly contradicted by the evidence of record from the trial of his co-defendants."). The Government did refer in its Sentencing

---

[1] Curran's challenge is ostensibly raised under Federal Rule of Criminal Procedure 32(c)(1). That provision, however, refers to the procedure to be followed by a probation officer in conducting a presentence investigation, which does not appear to motivate Curran's appeal. The Government cites Rule 32(i)(1), which affords the defendant "a reasonable opportunity to comment on" information "excluded from the presentence report under Rule 32(d)(3)," but it does not appear that the information Curran would have liked to have commented on — namely, the trial testimony of his co-defendants — was excluded under Rule 32(d)(3). Accordingly, we look to the case law cited by Curran to evaluate the legal support for his argument, not to Rule 32.

Memorandum to the testimony of Curran's co-defendants as to the amount of cocaine involved in the conspiracy, so Curran was aware that this testimony was before the sentencing court for the issue of quantity. App. 79. This distinguishes Curran's case from Reynoso, because in that case "[s]ome of the information upon which the court relied was not contained in either Reynoso's Presentence Investigation Report (PSI), or the Government's Sentencing Memorandum, nor was it brought out through Reynoso's testimony at the sentencing hearing." Reynoso, 254 F.3d at 469. That is, in Reynoso, the defendant had no reason to be aware that the information in question was before the court.

But even in Reynoso, despite finding error, we declined to vacate the defendant's sentence because "he ha[d] not met his burden of showing that the error affected his substantial rights." Id. Reynoso had "failed to point out any way in which his lawyer could have or would have rebutted or responded to the evidence from the prior proceeding had counsel been afforded advance notice." Id. This reasoning resonates particularly in the instant case, since Curran had a chance to rebut or respond to the testimony of his co-defendants cited in the Government's Sentencing Memorandum, but does not appear to have done so.

Curran also cites this Court's decision in United States v. Nappi, where we held that "counsel for the defendant and the government [must] be provided with a meaningful opportunity to address information" contained in "an additional document on which the Court intends to rely at sentencing." 243 F.3d 758, 764 (3d Cir. 2001). In Nappi, the Court was particularly troubled by the sentencing court's use of a state-court Presentence

8

Investigation Report in assessing the defendant's criminal history.  <u>See</u> <u>id</u> at 761 (quoting

the sentencing hearing, where the District Court indicated that "<u>I asked probation to share</u>

<u>with me some of the earlier Presentence Reports that were written regarding Mr. Nappi</u>").

Curran's case is distinguishable because it does not involve the sentencing court's

reliance on an "additional document."  Rather, Curran's case shows the District Court

relying upon testimony that the Government included in its Sentencing Memorandum, so

that Curran was aware of its existence and pertinence to his own sentencing.

Accordingly, we decline to disturb Curran's sentence on this ground.

IV.

For the foregoing reasons, we will affirm the judgment of sentence.