**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  13-1224
_____

UNITED STATES OF AMERICA

v.

DAVIONE WARREN,
Appellant

_____

On Appeal from the District Court
for the District of New Jersey
D.C. Criminal No. 2-12-cr-00398-001
(Honorable Susan D. Wigenton)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2013

Before: HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Opinion Filed:  November 14, 2013)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Defendant Davione Warren pleaded guilty to possession of a weapon in

furtherance of a drug trafficking crime and was sentenced to a prison term of eighty-four

months.  He appeals his sentence, which was above the advisory sentence under the United States Sentencing Guidelines ("the Guidelines").  We will affirm.

**I.**

On January 11, 2012, the East Orange Police Department responded to calls reporting a weapon had been discharged.  A witness at the scene described seeing a shooter flee in a white four-door vehicle.  The next day, a confidential informant confirmed Warren was the shooter and had guns in his apartment and car.  Police officers established surveillance around Warren's apartment, and when they saw a man and woman drive away in a white four-door vehicle, they followed the vehicle and conducted a stop.  The officers found marijuana and twenty bricks of heroin in the vehicle and placed Warren under arrest.  Warren later consented to a search of his home, where officers found eighteen bricks of heroin, two glassine envelopes of heroin, three handguns, and $780 in cash.

A federal grand jury returned a three-count indictment against Warren.  Count One charged Warren with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Count Two charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Count Three charged Warren with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

On October 1, 2012, Warren pleaded guilty to Count Two of the indictment pursuant to a plea agreement, and the Government agreed to move, at the time of Warren's sentencing, for dismissal of Counts One and Three.  The plea agreement

stipulated a violation of 18 U.S.C. § 924(c) carries a mandatory minimum sentence of sixty months and the applicable Guidelines sentence is the minimum term of imprisonment set by statute. The agreement also stated Warren and the Government considered the Guidelines sentence to be reasonable.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which noted the Guidelines sentence of sixty months and the parties' agreement with that sentence. In addition, the PSR described Warren's extensive criminal history as a juvenile, including several criminal adjudications and arrests, as well as one prior conviction as an adult.

On January 11, 2013, the District Court sentenced Warren to a prison term of eighty-four months. At the start of the hearing, the court noted its review of the PSR and the parties' submissions, and the parties expressed no objections to the PSR. Neither party moved for a departure from the Guidelines sentence. The court then heard from Warren's defense counsel and the Government, each of whom argued for a sentence of sixty months.

Afterward, the District Court analyzed the sentencing factors it was bound to consider under 18 U.S.C. § 3553(a) and concluded a sixty-month sentence would not be appropriate. The court paid particular attention to Warren's long criminal record as a juvenile and prior adult conviction, the seriousness of his offense, and the need for the sentence imposed to provide just punishment, afford deterrence, and avoid sentencing disparities. Illustrating the seriousness of the offense, the court engaged in a hypothetical calculation of Warren's Guidelines sentence considering Count One of the indictment.

3

The court found the advisory sentence in that scenario to be thirty to thirty-seven months, with an additional sixty months for Warren's violation of 18 U.S.C. § 924(c). After a thorough analysis of the sentencing factors under § 3553(a), the District Court stated its intention to vary upward from the Guidelines sentence and imposed a term of imprisonment of eighty-four months. This timely appeal followed.[1]

## II.

Warren challenges his sentence under Rule 32(h) of the Federal Rules of Criminal Procedure, which requires a sentencing court to give "reasonable notice" that it is contemplating a departure if the ground for departure is not identified in the PSR or a party's prehearing submission. Fed. R. Crim. P. 32(h). He contends the District Court erred by failing to give advance notice of its intent to depart from the Guidelines sentence of sixty months. Yet Warren acknowledges no legal error occurred if the court's decision to impose a more severe sentence constituted a variance based on the factors enumerated in 18 U.S.C. § 3553(a), rather than a departure under the Sentencing Guidelines.[2] Indeed, the United States Supreme Court has held the notice protections of Rule 32(h) do not extend to variances under § 3553(a). *Irizarry v. United States*, 553 U.S. 708, 714-16 (2008); *see also United States v. Vampire Nation*, 451 F.3d 189, 197 (3d Cir. 2006).

Because the record reveals Warren made no objection to his sentence, we review for plain error. *See Vampire Nation*, 451 F.3d at 195. Under this standard, relief may be

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §§ 1291 and 3742(a).

[2] A departure is a divergence from the Guidelines range "for reasons contemplated by the Guidelines themselves," whereas a variance is "given in the exercise of a district court's discretion." *United States v. Jackson*, 467 F.3d 834, 837 n.2 (3d Cir. 2006).

4

granted only if (1) an error was committed, (2) the error was plain, meaning it was clear and obvious, and (3) the error affected Warren's substantial rights. *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001) (citation omitted).

Warren cannot meet this standard. Where a court's divergence from the Guidelines sentence is based on its discretion under § 3553(a) and not on a departure from the advisory Guidelines range, a defendant is "not entitled to advance notice under Rule 32(h) of the District Court's intent to vary its sentence." *Vampire Nation*, 451 F.3d at 197. The record in this case is unambiguous—the District Court imposed a sentence greater than sixty months not because of a ground for departure in the Guidelines but because of its analysis of the § 3553(a) sentencing factors. In particular, the court concluded a sixty-month sentence would be inadequate considering Warren's extensive criminal history as a juvenile, his prior adult conviction, the seriousness of his offense, and the need to provide adequate deterrence to criminal conduct and avoid sentencing disparities. *See* 18 U.S.C. § 3553(a).

Despite the District Court's explicit reliance on § 3553(a) to vary from the Guidelines sentence, Warren argues the court's basis for imposing a more severe sentence was its hypothetical calculation of a Guidelines sentence for his heroin possession charge. But that calculation was not a Guidelines departure. Rather, the court engaged in the calculation to explain why a prison term of sixty months would not "accurately reflect[] what transpired here." App. II at 19. Applying § 3553(a), the court was considering "the need for the sentence imposed . . . to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A).

5

Because the District Court did not make a departure under the Sentencing Guidelines, Rule 32(h) has no application to this case, and the court's variance under § 3553(a) was without error.

**III.**

For the foregoing reasons, we will affirm the judgment of conviction and sentence.[3]

---

[3] We will also grant Warren's motion to seal Volume II of his Appendix, as it contains his Presentence Investigation Report.