**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3051

UNITED STATES OF AMERICA

v.

DANIEL EARL EYSTER,
a/k/a Daniel Eyster

DANIEL EARL EYSTER,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 5-08-cr-00618-001
District Judge: The Honorable James Knoll Gardner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 21, 2010

Before: SMITH, FISHER, and COWEN, *Circuit Judges*

(Filed: July 14, 2010)

OPINION

SMITH, *Circuit Judge.*

Daniel Eyster pleaded guilty to one count of sexual exploitation of children, in violation of

18 U.S.C. § 2251(a) and (e), and one count of possession of child pornography, in violation of 18

U.S.C. § 2252(a)(4)(B).  The District Court sentenced him to 840 months in prison.  Eyster appeals

this sentence. We will affirm.[1]

Eyster first argues that he is entitled to re-sentencing because the Pre-Sentence Investigation Report ("PSR"), which the District Court adopted and used as the starting point in determining his sentence, contained an error. We accept his premise but reject his conclusion.

The PSR determined that Eyster's Total Offense Level was 41, and Eyster does not challenge this conclusion. It assigned Eyster to criminal history Category V, pursuant to U.S.S.G. § 4B1.5, based on its determination that Eyster had a prior "sex offense conviction"—specifically, a 1988 rape conviction under the Uniform Code of Military Justice ("UCMJ"). Using these inputs, the Probation Office calculated his Guidelines range to be 360 months to life. The PSR noted, however, that the statutes Eyster admitted to violating in his guilty plea provided for no more than 70 years in prison. Therefore, it set Eyster's advisory Guidelines range at 360 to 840 months. Eyster did not object to any of these calculations. As noted, the District Court adopted the PSR and sentenced Eyster to 840 months in prison. If the PSR had not counted the 1988 military conviction as a prior "sex offense conviction" for purposes of U.S.S.G. § 4B1.5, that provision would have been inapplicable to Eyster, and he would have been assigned to criminal history Category II rather than Category V. Under that scenario, Eyster's Guidelines range would have been 360 to 840 months—exactly the same range generated by applying § 4B1.5.

On appeal, Eyster argues that the District Court erred by increasing his criminal history from Category II to Category V, because his 1988 conviction under the UCMJ was not a qualifying prior "sex offense conviction" as defined by § 4B1.5. Eyster did not object to the PSR calculation in the District Court. Therefore, we review for plain error. *See United States v. Knight*, 266 F.3d 203, 207-

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

08 (3d Cir. 2001). Under this standard, Eyster must establish (1) that an error was committed, (2) that the error was plain, *i.e.*, clear or obvious, (3) that the error affected his substantial rights, and (4) that the error seriously affected the fairness or integrity of the proceedings. *Id.*

The Government concedes, and we agree, that Eyster's 1988 conviction under the UCMJ was not a qualifying "sex offense conviction" for purposes of § 4B1.5. Therefore, Eyster's advisory Guidelines range should have been calculated using criminal history Category II, not Category V. This was error, and we assume for present purposes that it was "clear or obvious." *See id.* As explained, however, the applicable Guidelines range was the same—360 to 840 months—under either criminal history Category. Because this mistake did not result in the calculation of an incorrect Guidelines range, we conclude that it did not affect Eyster's substantial rights.[2]

Next, Eyster argues that the District Court erred by failing to consider his argument, based on *Kimbrough v. United States*, 552 U.S. 85 (2007), that he deserved a downward variance because the applicable child pornography Guidelines are based upon congressional mandates and not empirical evidence developed by the Sentencing Commission. This argument is foreclosed by *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009), in which we held that "a district court is not required to engage in 'independent analysis' of the empirical justifications and deliberative undertakings that led to a particular Guideline." *Id.* (citing *United States v. Aguilar-Huerta*, 576 F.3d 365, 368 (7th Cir. 2009), and *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009)).

---

[2] In *Knight*, we held that "an error in application of the Guidelines that results in use of a higher sentencing range should be presumed to affect the defendant's substantial rights." 266 F.3d at 207. Eyster does not rely on *Knight*, and with good reason. Here, the erroneous application of § 4B1.5 did not generate "a higher sentencing range." Rather, it yielded the same Guidelines range that would have resulted had the PSR correctly assigned Eyster to criminal history Category II.

Finally, Eyster argues that his 840-month sentence is substantively unreasonable. To succeed on this claim, Eyster must establish that "no reasonable sentencing court" could have sentenced him to 840 months in prison for the reasons the District Court provided. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). After carefully considering the record, the sentencing factors of 18 U.S.C. § 3553(a), and the District Court's explanation of sentence, we have no difficulty in concluding that Eyster's sentence is reasonable. The judgment will be affirmed.