NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4146
_____

UNITED STATES OF AMERICA

v.

RODNEY GREEN,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVNIA
(D.C. Crim. No. 08-26)
District Judge: Honorable Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 22, 2010
_____

Before: HARDIMAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion Filed: October 22, 2010)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

     Appellant, Rodney Green ("Green"), was convicted of possessing contraband in

1

prison, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3).  The District Court for the

Western District of Pennsylvania sentenced Green to 36 months of incarceration, to run

consecutively to the federal sentence he was already serving, followed by three years of

supervised release, which was to run concurrently with the previously imposed term of

supervised release.  Green filed a notice of appeal, pro se.  Green's counsel ("Counsel")

petitions this Court for permission to withdraw from representing Green on appeal,

pursuant to Anders v. California, 386 U.S. 738 (1967).  For the reasons addressed below,

we will grant Counsel's petition and affirm the conviction and the sentence imposed by

the District Court.

## I.  Background

We write solely for the benefit of the parties and recount only the essential facts.

At the time of the underlying events, Green was incarcerated in the Federal

Correctional Institution at Loretto, Pennsylvania ("FCI Loretto").  On June 10, 2008,

Green and his cell mate, Michael Bickley, were involved in a physical altercation, that

was ultimately stopped by several prison officials.  During the altercation, Bickley stated

that Green "has a shank, he's trying to stick me."   (App. 282a; see also id. at 309a.)

Once Green and Bickley were subdued, the officers searched Green and located a nine-

inch sharpened piece of metal.  (Id. at 283a.)  The search of Bickley produced no weapon.

(Id.)

Green was charged with possession of contraband in prison, pled not guilty, and,

following extensive motion practice, proceeded to trial.  During trial, five witnesses

2

testified for the government.[1]  After the District Court denied Green's motion for judgment of acquittal, Green testified on his own behalf.  Following closing arguments, the jury deliberated and returned a guilty verdict.

At sentencing, Green raised two arguments.  First, he claimed entitlement to a downward departure due to his acceptance of responsibility, pursuant to U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 3E1.1(a).  Second, he brought the victim's conduct to the District Court's attention, arguing that Bickley's conduct justified a departure, pursuant to U.S.S.G. § 5K2.10(1) & (2).  The District Court did not grant these requests for downward departure,[2] and calculated the total offense level as 13, with 12 criminal history points and a criminal history category of V.  The resulting Guidelines range was 30-37 months.

Counsel argued that Green should have received a reduced sentence based on (1) his positive conduct during his incarceration, including taking advantage of educational opportunities and addressing drug and alcohol problems; and (2) his non-profit organization, Visionary Manifest Outreach, which he organized prior to his incarceration.

---

[1] The five witnesses were Corrections Officer Mark Miller, Security Officer Specialist Michael Naglic, Lieutenant Dennis Brandis, Corrections Officer Greg Wirfel, and Michael Bickley.  The first four witnesses were employees at FCI Loretto.

[2] The District Court explicitly denied Green's request for a downward departure based on U.S.S.G. § 3E1.1(a).  (App. 358a.)  However, the record does not reflect an explicit denial of the request for a downward departure based on U.S.S.G. § 5K2.10. Nonetheless, we can infer a denial of this request since the District Court's sentencing guidelines calculations do not include a departure on this basis.

## II.  Jurisdiction

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III.  Standard of Review

"In Anders v. California, 386 U.S. 738 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal."  United States v. Marvin, 211 F.3d 778, 779 (3d Cir. 2000).  Under Anders, counsel seeking to withdraw from representation must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous."  Id.  at 780.  "The Court's inquiry when counsel submits an Anders brief is thus twofold:  (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements;[3] and (2) whether an independent review of the record presents any nonfrivolous issues."  United States v.

---

[3]  Local Appellate Rule 109.2 provides, in pertinent part:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which must be served upon the appellant and the United States.  The United States must file a brief in response.  Appellant may also file a brief in response *pro se*. . . . If [the court] finds arguable merit to the appeal, or that the Anders brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar.

Youla, 241 F.3d 296, 300 (3d Cir. 2001).  Where frivolousness is patent, however, "we will not appoint new counsel even if an Anders brief is insufficient to discharge current counsel's obligations to his or her client and this court."  United States v. Coleman, 575 F.3d 316, 321 (3d Cir. 2009) (quotation marks omitted).

## IV.  Analysis

Counsel submitted a brief identifying two appealable issues, which Counsel believes to be frivolous: (1) "the District Court committed an abuse of discretion by not instructing the jury on a lesser included offense charge of 18 U.S.C. § 1791(B)(5) and 18 U.S.C. § 1791(D)(1)(B);" and (2) "the District Court committed an abuse of discretion by failing to take into consideration the victim's conduct which would lead to a sentence reduction below the Guideline range of the charged offense."  In addition to Counsel's brief, Green filed, pro se, a brief arguing that Counsel's brief was inadequate in that it failed to include a "more meritorious argument[];" namely, that "the district court misapplied the guidelines by failing to apply the most appropriate guidelines section that is more compatible to the facts of the instant case."  (Appellant's Opp'n Br. to Counsel's Anders v. California [sic] 386 U.S. 738 (1967) Br. [hereinafter "Appellant's Opp'n Br."] 1.)  The Government filed a brief, agreeing with Counsel that the issues raised in his brief were frivolous.  The Government also argued that the issue raised in Green's brief was frivolous, as well.

The first of these issues is clearly addressed by our decision in U.S. v. Holmes, 607 F.3d 332 (3d Cir. 2010).  There, we concluded that "[a] violation of § 1791(d)(1)(F)

is, in other words, not a lesser included offense of a § 1791(d)(1)(B) violation, but rather a lesser crime involving a categorically distinct type of object." Id. at 338. In light of this holding, appeal of the District Court's decision on this issue would be frivolous.[4]

Appellant's second argument asserting that the District Court abused its discretion in denying a downward departure, based on the victim's conduct, is also frivolous. "Our Court's jurisdiction to review the denial of [upward or downward] departures depend[s] on a district court's reason for denial. If the judge believed s/he could not legally depart on the ground asserted, we ha[ve] jurisdiction to review for legal error; if, instead, the judge recognized her/his authority to depart but chose not to do so, we lack[] jurisdiction to review that decision." U.S. v. Jackson, 467 F.3d 834, 838 (3d Cir. 2006). Although "having to infer the District Court's thinking is 'not our preferred course,'" we are nonetheless able "to infer meaning from the District Court's actions" in some circumstances. Id. at 840 (quoting U.S. v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994)).

The District Court implicitly rejected Counsel's argument, raised in his Sentencing Memorandum, that a departure, pursuant to U.S.S.G. § 5K2.10(1) & (2), was warranted. That is, by order dated January 27, 2009, the District Court adopted the findings of the Presentence Investigation Report ("PSR") in its entirety. (App. 8a-9a.) The PSR noted that "[t]here are no identifiable victims to the offense." (Id. at 370a.) The PSR further

---

[4] In support of his belief that this argument was frivolous, Counsel did not have the benefit of our decision in Holmes. As such, Counsel concludes that raising this argument is frivolous for different reasons.

noted that no victim-related adjustments were warranted. (Id.) Further, Green was neither charged with, nor convicted of, an assault, or any other crime involving a victim. Rather, he was convicted of possessing contraband in prison. As Counsel points out in his brief, Bickley's actions had no bearing on Green's possession of the contraband. As such, this factor was not relevant to Green's sentencing. This basis for appeal is frivolous.

In his pro se brief, Green argues that he should have been sentenced pursuant to the lesser included offense, covered by 18 U.S.C. § 1791(a)(2), since there was sufficient evidence introduced at trial to support a finding that the object he possessed was not a weapon. This argument may be disposed of summarily.[5] Contrary to Green's argument that the object he possessed should have been considered as "any other object that threatened the order, discipline, or security of the institution, or the life, health or safety of an individual," as set forth in U.S.S.G. § 2P1.2(a)(4),[6] the verdict sheet states that the jury found Green possessed a weapon. (App. 228-2a.) As a result, Green's offense

---

[5] As the Government notes, Green raises this argument for the first time on appeal. Therefore, our review of the issue is for plain error. FED. R. CRIM. P. 52(b); U.S. v. Knight, 266 F.3d 203, 206 (3d Cir. 2001) ("[W]here a defendant has failed to object to a purported error before the sentencing court, our review on appeal is only to ensure that plain error was not committed.").

[6] Section 2P1.2(a)(4) establishes a base offense level of 4 for providing or possessing contraband in prison "if the object was any other object that threatened the order, discipline, or security of the institution or the life, health, or safety of an individual."

clearly falls within the purview of U.S.S.G. § 2P1.2(a)(2),[7] justifying the District Court's finding of a base offense level of 13.

## V. Conclusion

We find that each of the bases presented for appeal is frivolous. We will grant Counsel's motion to withdraw, pursuant to <u>Anders</u>, and affirm the judgment and conviction of the District Court.

---

[7] Section 2P1.2(a)(2) establishes a base offense level of 13 for providing or possessing contraband in prison "if the object was a weapon (other than a firearm or a destructive device), any object that might be used as a weapon or as a means of facilitating escape, ammunition, LSD, PCP, methamphetamine, or a narcotic drug."