NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-1581 & 11-1776
_____

UNITED STATES OF AMERICA

v.

BARRY CORBIN,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal Nos. 09-cr-00490-001 & 10-cr-00573-001
(Honorable R. Barclay Surrick)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2012

Before:  SCIRICA, AMBRO and VAN ANTWERPEN, *Circuit Judges*.

(Opinion Filed: April 17, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Barry Corbin pleaded guilty to uttering a forged treasury check, in violation of 18

U.S.C. § 510(a)(2); producing a false identification document, in violation of 18 U.S.C. §

1028(a)(1); possessing a document-making implement, in violation of 18 U.S.C. §

1028(a)(5); conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371; four counts

of wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; and five counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Corbin appeals his sentence, arguing the District Court erred in determining whether his five § 1028A sentences should run consecutively with one another, and miscalculated his advisory sentencing range. We will affirm.[1]

**I.**

Corbin was the leader of a counterfeiting and identity fraud operation in Philadelphia, Pennsylvania. In March 2009, as part of an ongoing investigation, law enforcement officers observed Corbin using a false identification to cash a fraudulently endorsed United States Treasury check. A subsequent search of Corbin's home yielded a variety of equipment used to produce forged documents as well as a significant number of false driver's licenses and Social Security cards. Corbin pleaded guilty to an indictment and an information pursuant to a plea agreement, and the two cases were consolidated for sentencing.

Corbin was sentenced on February 28, 2011. All of the counts from both cases, excluding the aggravated identity theft convictions, were grouped together under U.S.S.G. § 3D1.2(b). With an offense level of twenty-eight and a criminal history of Category VI, Corbin's advisory sentencing range—excluding the aggravated identity theft convictions—was calculated at 140-175 months.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

The District Court then added the sentences for Corbin's five aggravated identity theft convictions under § 1028A.  The Court added one two-year term to the lower end of the advisory guidelines range, and five two-year terms to the upper end, thereby increasing the final range to 164-295 months.  Counsel did not object to this calculation.  The Court then considered Corbin's extensive criminal history, the seriousness of the offenses, and the need for significant punishment.  The Court ultimately sentenced Corbin to 240 months' imprisonment with three years' probation.  This timely appeal followed.

## II.

Generally we review sentencing decisions for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).  However, because Corbin failed to raise his objections before the sentencing court, we review only for plain error.  *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002).  Under this standard, we must find "(1) an error was committed, (2) the error was plain, i.e., clear or obvious, and (3) the error affected the defendant's substantial rights."  *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001).[2]

## III.

### A.

---

[2] Plain error must be prejudicial in that it "affected the outcome of the district court proceedings."  *United States v. Stevens*, 223 F.3d 239, 242 (3d Cir. 2000).  The Court should exercise its discretion to order a reversal only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Id.*

Corbin contends the District Court committed procedural error by failing to consider the factors listed in the commentary to U.S.S.G. § 5G1.2 to determine whether his aggravated identity theft convictions should run concurrently to, or consecutive with, one another. Because a sentencing court has discretion in considering the § 5G1.2 factors, the District Court did not commit procedural error in imposing consecutive § 1028A sentences.

Corbin pleaded guilty to five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Under § 1028A, a conviction for aggravated identity theft carries a two-year sentence, which must run consecutively with any other term of imprisonment. *Id.* §§ 1028A(a)(1), (b)(2). However, the statute carves out an exception for multiple aggravated identity theft convictions, which "may, in the discretion of the court, run concurrently" to one another. *Id.* § 1028A(b)(4). Such discretion "shall be exercised in accordance with any applicable guidelines and policy statements issued by the Sentencing Commission." *Id.*

Those guidelines are set out in the commentary to U.S.S.G. § 5G1.2. The Sentencing Commission recommends courts "should consider" a non-exhaustive list of factors in determining whether multiple counts of § 1028A should run concurrently or consecutively:

(i) The nature and seriousness of the underlying offenses. . . .

(ii) Whether the underlying offenses are groupable under § 3D1.2 (Groups of Closely Related Counts). Generally, multiple counts of 18 U.S.C. 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under § 3D1.2.

4

(iii) Whether the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence for multiple counts of 18 U.S.C. 1028A.

U.S.S.G. § 5G1.2, cmt 2(B). Corbin argues the District Court's failure to explicitly acknowledge, weigh, or make a record of the § 5G1.2 factors constitutes procedural error.

As is clear from the language of § 1028A, the sentencing court "may," in its discretion, impose concurrent aggravated identity theft sentences in accordance with the guidelines in U.S.S.G. § 5G1.2. 18 U.S.C. § 1028A. These guidelines explain the court "should consider" the listed factors in its determination. U.S.S.G. § 5G1.2.

The District Court did not explicitly mention the guideline commentary that provides the analysis for determining whether multiple aggravated identity theft convictions warrant consecutive sentences, but that omission does not constitute plain error. We do not require sentencing courts to explicitly discuss the non-exhaustive factors in the commentary to § 5G1.2.[3] Even so, the District Court carefully considered the nature and seriousness of Corbin's prior offenses as well as the § 3553(a) factors, thus covering two of the three factors under § 5G1.2. Accordingly, we conclude the District Court did not plainly err in imposing consecutive sentences for Corbin's § 1028A convictions.

---

[3] Other circuits have come to the same conclusion. *See United States v. Collins*, 640 F.3d 265, 270 (7th Cir. 2011) (noting the court's oversight in not addressing the § 5G1.2 factors was not reversible error); *United States v. Dvorak*, 617 F.3d 1017, 1029 (8th Cir. 2010), *cert. denied*, 131 S.Ct. 1539 (2011) (holding a court is not required to "recite every factor contained in a guideline" so long as the sentence is "implicitly based . . . on at least one of those factors"); *United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009) (finding sufficient an evaluation of the seriousness of offenses and analysis of § 3553(a) factors).

5

**B.**

Corbin also contends the District Court miscalculated his advisory sentencing range by adding the minimum two-year term for his § 1028A convictions to the lower end of the sentencing range, but adding the maximum ten-year term to the upper end of the sentencing range. Corbin asserts the correct calculation was to add the minimum two-year term to both the lower and upper ends of his sentencing range.

Excluding his five § 1028A convictions, Corbin's advisory sentencing range was calculated at 140-175 months. The District Court added one two-year term to the lower end of the sentencing range—representing the statutory minimum term if the five § 1028A sentences ran concurrently—and five two-year terms to the upper end of the sentencing range—indicating the statutory maximum term if the § 1028A sentences ran consecutively.

As discussed above, sentencing courts have discretion to impose consecutive or concurrent § 1028A sentences. 18 U.S.C. § 1028A; U.S.S.G. § 5G1.2. There is no method outlined in the Guidelines, or in our case law, that requires a sentencing court to impose the statutory minimum to both the lower and upper ends of the advisory sentencing range. In effect, the District Court's calculated range represented the minimum and maximum advisory sentences, according to the Court's discretion, for Corbin's five § 1028A convictions. If the § 1028A sentences ran concurrently, his sentence would be 164 months; if the § 1028A sentences ran consecutively, his sentence would be 295 months. By calculating Corbin's advisory sentencing range in this manner, the Court did not commit a "plain, i.e., clear or obvious" error. *Knight*, 266 F.3d at 206.

6

Accordingly, the District Court did not commit procedural error in calculating Corbin's sentence.

## IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.