NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2731
_____

UNITED STATES OF AMERICA

v.

BENJAMIN EASLEY,
                              Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Nos. 2:13-cr-000061-003, 2:14-cr-00140-001)
District Judge: Hon. Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 16, 2017
_____

Before: GREENAWAY, Jr., SHWARTZ, and GREENBERG, Circuit Judges

(Opinion Filed: July 26, 2017)

_____

OPINION[*]
_____

_____

     [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

In 2016, the United States District Court for the Eastern District of Pennsylvania sentenced Benjamin Easley ("Easley") to 144 months of prison and 5 years of supervised release for crimes related to a bank-fraud and identity-theft conspiracy. During sentencing, Easley argued that he should receive a shorter sentence for several reasons: (a) police illegally arrested him as a younger man; (b) someone murdered his brother in the late 1990s; (c) he played an active role in his community; (d) he suffers from a mental illness; (e) he has a physical illness; and (f) social scientists have concluded that longer sentences do not deter crime.

The District Court Judge responded to these arguments in a long and personal colloquy that implored Easley to take responsibility for his actions and to consider the moral weight of his crime. After delivering this speech and hearing from the prosecution, the Judge sentenced Easley. Approximately a month later, Easley filed a Motion for Relief Pending Appeal and the District Court denied this Motion because it lacked jurisdiction to modify Easley's sentence. Easley filed a timely appeal.

Easley raises several issues on appeal. First, he argues that his sentence was procedurally unreasonable because the Judge did not meaningfully consider his arguments for leniency (a) that he possessed a mental illness; (b) that he suffered from a physical illness; and (c) that lengthy sentences do not deter crime. Second, he asserts that his sentence was procedurally unreasonable because the Judge based Easley's sentence on the unfounded assumptions (a) that Easley had received a lighter sentence in an earlier

2

case because of his illegal arrest in the 1990s and (b) that Easley had recruited children whom he had mentored to further his criminal enterprises. Third, he contends that the District Court incorrectly concluded that it lacked jurisdiction over his Motion for Relief Pending Appeal.

## I. DISCUSSION

Easley challenges his sentence as procedurally unreasonable. If a defendant objects to a District Court's sentence as procedurally unreasonable for the first time in his or her appeal, we review the sentence for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). "For reversible plain error to exist, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Tai*, 750 F.3d 309, 313–14 (3d Cir. 2014). In other words, even if there is plain error, we may still affirm the sentence if the error is harmless. *See United States v. Knight*, 266 F.3d 203, 206 n.6 (3d Cir. 2001) (citing Michael O'Shaughnessy, *Appellate Review of Sentences*, 88 Geo. L.J. 1637, 1643 (2000)). The error is harmless if it is "clear that the error did not affect the district court's selection of the sentence imposed." *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008).

Easley challenges his sentence as procedurally unreasonable because the District Court Judge, he claims, did not meaningfully consider his arguments for leniency and because the Judge based her decision on unfounded assumptions about Easley. Easley

raised these objections for the first time on appeal.  As a result, we review them under our plain error standard.

Under this standard, Easley's two procedural claims fail.  With regards to Easley's first procedural claim, we apply a generous standard because "[a] sentencing court need not analyze explicitly every argument that a defendant puts forward." *United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010).  Under this standard, we reject Easley's first procedural claim because the record shows that the Judge considered Easley's arguments for leniency.  The Judge ordered Easley to participate in a mental health program because of his mental illness; allowed him to receive medical treatment because of his physical illness; and acknowledged his deterrence argument when the Judge said "I'm still a judge that believes in the general deterrence philosophy." App. 229.

Easley's second procedural claim that the sentencing Judge based the sentence on unsubstantiated assumptions is also unpersuasive.  The Judge did assume that Easley had invoked his unwarranted arrest to reduce an earlier sentence, App. at 219 ("I'm sure you told my colleague, who sentenced you the last time about [the wrongful arrest]"), but the Judge did not base her sentence on that fact.  Instead, the Judge referenced Easley's previous sentence to suggest that if his false arrest had driven him to criminality, Easley should have learned, after this previous sentence, to take responsibility for his actions and not to blame his error on a previous wrong, App. at 219 ("And I'm sure that's a

motivating factor to depreciate someone's sentence hoping that they've learned from this mistake but you didn't. You didn't in a big way.").

Similarly, Easley has failed to prove that the trial Judge based the sentence on the assumption that Easley preyed on the people that he mentored to further criminal enterprises. This argument lacks merit because the Judge did not assume this, let alone base her decision on it. Instead, the Judge referenced Easley's criminal enterprise to find that he lacked the general capacity to serve as a role model to the people he mentored.

Finally, the District Court correctly concluded that it lacked jurisdiction over his Motion for Relief Pending Appeal. Other than through habeas corpus, a district court may only modify a sentence if the judge (a) receives a motion from the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A), (b) discovers that the Sentencing Commission had lowered the sentencing range, 18 U.S.C. § 3582(c)(2), or (c) finds that it may modify a sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B). The Director of the Bureau of Prisons has not submitted a motion to the District Court. The Sentencing Commission has not lowered the sentencing range. Thus, the District Court may only modify Easley's sentence pursuant to Rule 35.

Pursuant to Rule 35, the District Court denied the Motion for Relief Pending Appeal. Rule 35 allows District Courts to reduce a sentence within 14 days after a sentence is rendered, Fed. R. Crim. P. 35(a), or upon motion from the government, Fed. R. Crim. P. 35(b). Easley submitted his motion more than 14 days after sentencing and

5

the government has not submitted a motion.  As a result, the District Court correctly found that it lacked jurisdiction.

Easley attempts to skirt this law by framing his request as seeking a recommendation, as opposed to a request for a reduction in sentence.  At least one other circuit court, however, has denied a litigant's attempt to draw upon a district court's inherent power to circumvent 35(a).  *United States v. Ortiz*, 741 F.3d 288, 292 n. 2 (1st Cir. 2014) (rejecting a motion to reconsider because "for motions—like this one—that fall squarely within the purview of Rule 35(a), a district court's authority to grant relief stems solely from that rule's positive law, not from any inherent power").  We agree.

## II.    CONCLUSION

For the foregoing reasons, we will affirm the orders of the District Court.